IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL REDMAN                                                    PLAINTIFF

V.                              No.  2:10-CV-02029-RTD

STATE of ARKANSAS and
DANIEL SHUE, Prosecuting Attorney                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. §2254 (Doc. 1) filed March 1, 2010 and Amended (Doc. 8) on May 7,

2010. The Defendants filed a Response (Doc. 12) on July 27, 2010. The Defendants point out

that the proper party is David Eberhard, Director of the Arkansas Department of Community

Correction and ask that the proper party be substituted and that the court deem the Response filed

on behalf of David Eberhard, Director of the Arkansas Department of Community Correction.

The clerk is hereby directed to substitute David Eberhard, Director of the Arkansas

Department of Community Correction for the State of Arkansas and Daniel Shue, Prosecuting

Attorney.

The Petitioner filed a Motion to Dismiss (Doc. 15) on August 17, 2010 seeking to

dismiss his claim without prejudice.

### I.  Background:

The Plaintiff filed an Amended Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. §2254 (Doc. 8) contending that the sentence he received in 1997 was

illegal (1) & (4), that he received Ineffective Assistance of Counsel in 2009 from his court

-1-

appointed attorney Tim Sharum (2) and that he received Ineffective Assistance of Counsel in 2009 from his court appointed attorney  Christina Scherry (3).

A summary of the Petitioner's relevant criminal history in the Sebastian County Circuit Court is as follows:

**CR 1993-400**:

In case number 93-400 the Plaintiff pleaded guilty to Theft of Property on May 26, 1993 and received a sentence of 10 years in the Arkansas Department of Correction with 9 years suspended and was ordered to pay $310 in restitution at $50/month beginning 90 days after release. (See Exhibit A) A Petition to Revoke ("PTR") was filed against the Plaintiff and he entered a plea of nolo contendere on May 24, 1995 and was sentenced to 6 years in the Arkansas Department of Correction with 5 years suspended. (See Exhibit B) According to the Circuit Clerk's Docket Sheet another PTR was issued against the Plaintiff and he entered a nolo contendere plea on September 6, 1995 and was sentenced to perform 30 days community service from the Sebastian County Detention Center. (See Exhibit C).   Another PTR was filed in June 1997 against the Plaintiff and, after a hearing, the Plaintiff was sentenced on October 17, 1997 to 6 years in the Arkansas Department of Correction and ordered to pay Restitution of $2300 at $50/month beginning 30 days after release from ADC. (See Exhibit D)

**CR 1997-871:**

The Plaintiff was charged in case number 97-871 with Theft by Receiving on October 28, 1997 and the Plaintiff entered a plea of no contest on October 29, 1997 and was sentenced to 10 years in the ADC with 4 years suspended (See Exhibit E)and the sentence was to run concurrent with the sentence in 93-400. (See Exhibit F).   While a PTR was filed against the Plaintiff in

October 1999 the PTR was withdrawn in December 1999 with the entry that the Plaintiff was ordered to "resume restitution payments at $75/month beg 60 days after release." There are no further entries in the clerks docket sheet after the above date. (See Exhibit F).

**CR 2006-599:**

The Plaintiff was charged in case number 2006-599 with Theft of Property on May 23, 2006 and entered a plea of guilty to the charge on May 24, 2006 and was sentenced to 5 years in the ADC with an additional 5 years suspended and ordered to pay restitution in full (if any) at the rate of $50/month beginning 60 days after release from prison. (Doc. 12-3)(See Exhibit G).  A PTR was filed on June 25, 2009 but was withdrawn based upon the Plaintiff's plea in 2009-710. Another PTR was filed on August 26, 2009. One of the elements of the PTR was that "the Defendant has failed to pay restitution as ordered in CR-97-871, leaving an unpaid balance due in the amount of $2300.00; that said Defendant should now be brought before this Court to show cause why he should not be held in contempt." (See Exhibit H)  The Plaintiff, appearing with his attorney Christina Scherry, entered a plea of guilty on September 30, 2009 and was sentenced to 2 years in the ADC with an additional 8 years suspended with restitution in full at $50/month beginning 90 days after release. (See Exhibit I).

**CR 2009-710:**

The Plaintiff was charged in case number 2009-710 with Reckless Burning on June 22, 2009 and on August 12, 2009 the Plaintiff,  appearing with his attorney Tim Sharum, entered a plea of guilty and received a suspended sentence for 6 years and ordered to pay restitution in full (Victim's Insurance Deductible) at $50/month beginning November 12, 2009. (See Exhibit J).  A PTR was filed August 26, 2009 and, as noted above, the Plaintiff, appearing with his attorney

Christina Scherry, entered a plea on September 30, 2009  and was sentenced to 2 years in the ADC with an additional 8 years suspended with restitution in full at $50/month beginning 90 days after release.  On February 2, 2010 the court entered an order of restitution due on this case of $1000.  (See Exhibit K).

## II.  Discussion

**Ground One and Four: Illegal Sentence.**

The Petitioner contends in Grounds One  and Four that the sentence he received previously was illegal because of the amount of the restitution that was ordered and that the State of Arkansas will not address the proper restitution amount. **(Doc. 8, p. 5 and p. 10).**

**A.  Statute of Limitation:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1).

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-C).

The Plaintiff did not appeal the judgment entered in October 1997 on his PTR revocation in 93-400 and that judgment became final 30 days after the judgment was entered. Ark Rules of Appellate Procedure-Criminal, Rule (2)(a).  In the present case it is clear that the Petitioner has procedurally defaulted on this claim.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).  *Abdullah v. Groose*  75 F.3d 408, *411 (C.A.8 (Mo.),1996).

**B.  Illegal Sentence (CR 1993-400)**

The Plaintiff's complaint is that he believes the restitution amount that was previously ordered in 1997 was in error.  While the Plaintiff states that the restitution the Plaintiff is complaining about was ordered in 97-971 it appears that it was actually ordered in 93-400.  The Petitioner's mistake is understandable since the last PTR filed against the Petitioner in CR-2006-599 and 2009-710 recites as one of the allegations for the petition that "the Defendant has failed to pay restitution as ordered in CR-97-971, leaving an unpaid balance due in the amount of $2300.00; that said Defendant should now be brought before this Court to show cause why he should not be held in contempt." (See Exhibit H).

The Circuit Clerks records show that the Defendant was originally sentenced May 26,

1993 in CR-93-400 to ten years in the Arkansas Department of Corrections with nine years suspended and ordered to pay $310 in restitution.

On December 28, 1993 a PTR was filed against the Petitioner and on May 24, 1994 he pleaded guilty to the petition and was sentenced to six years in the Arkansas Department of Correction with five suspended.

On June 9, 1997 a PTR was again filed against the Petitioner and, after a hearing, the Plaintiff was sentenced on October 17, 1997 to 6 years in the Arkansas Department of Correction and ordered to pay Restitution of $2300 at $50/month beginning 30 days after release from ADC.

The court notes that the restitution originally ordered in 93-400 was $310 and it is unclear how the restitution went from $310 to $2300. The court assumes that the judgment entered on October 17, 1997 in 93-400 is the judgment in question because no restitution was ordered in case number CR 97-871.

In Arkansas, sentencing is entirely a matter of statute. Ark.Code Ann. § 5-4-104(a) (Repl.2006) ("[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter"); *State v. Hardiman*, 353 Ark. 125, 114 S.W.3d 164 (2003); *State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000). A sentence is void when the trial court lacks authority to impose it. *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986). Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal, and the case must be reversed. *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003); *Stephenson, supra*.

Prior to Act 1569 of 1999, a sentence was put into execution when a trial court issued a judgment of conviction or a commitment order. *Mosley v. State*, 2007 WL 1631288 (Ark. June 7,

2007). A plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving a trial court of jurisdiction to amend or modify a sentence that had been executed. Id. *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001). This status of the law was changed by Act 1569 of 1999, which amended Ark.Code Ann. § 5-4-301(d) to permit modifications to probated sentences that have been placed into execution. *Griffin v. State,* 2007 WL 2660246, 2 (Ark.App.) (Ark.App.,2007) but the contested sentence occurred prior to this amendment and therefore has no applicability here.

In addition, sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime, See *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003); *State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993) therefore the Petitioner's case as to CR 93-400 is governed by the law in effect at that time.

Ark.Code Ann. 5-4-307 (1987) ... provided as follows:

(c) If the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment. The Arkansas courts have applied this statute to hold that the suspended portion of a sentence to imprisonment commences to run upon the release of the prisoner from confinement. *See  Lyons v. State*, 35 Ark.App. 29, 813 S.W.2d 262 (1991); *Vann v. State* WL 61159, 1 -2  (Ark.App.,1998)

In CR 93-400 the Petitioner was sentenced to 6 years in the ADC with 5 suspended on May 25, 1994.  The Petitioner's suspended sentence would have begun to run from the day he was release from the Arkansas Department of Corrections.  It is unknown to the court when the Petitioner was released but the exact day is not relevant because the sentence he received upon

his third Petition to Revoke was clearly illegal.

After a hearing in October 1997 the court sentenced the Petitioner to Six years in the Arkansas Department of Correction and ordered restitution of $2300.00.  This sentence is invalid both in the term of imprisonment, because the total penitentiary exposure of the defendant under the remaining sentence was two years, and in terms of restitution, because the total restitution originally ordered was $310.00.

Even though the sentence in CR 93-400 was illegal however it does not follow that the Petitioner's attorneys were ineffective in 2009.

**Ineffective Assistance of Counsel:**

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a

reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner  must show

-9-

"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

**Ground Two: Ineffective assistance by Tim Sharum**.

The Petitioner contends in Ground Two that his attorney, Tim Sharum, was ineffective because "when I went to court in 2009 I told my court apointed (sic) attorney Timothy Sharum about this restitution from 1997.  He would not challenge it or even investigate it all he wanted me to do was take a plea and get out of court; Mr. Sharum even told me the state dident (sic) want to go to court on it". (Doc. 8, p. 6).

Mr. Sharum only represented the Petitioner in CR 2009-710 on the charge of Reckless Burning.  Mr. Sharum appeared with the Petitioner on August 12, 2009 who entered a plea of guilty.  The court suspended imposition of sentence for a period of six years and order the Petitioner  to pay Restitution at $50.00 per month.  The amount of restitution was to be the amount of the victim's deductible on his insurance policy. There was no reference to any prior restitution in the court's sentence.  The Petitioner's illegal sentence on his petition to revoke in a

prior case would not have been relevant on the charge of Reckless Burning in CR 2009-710 .

The Petitioner has not shown any prejudice as a result of this representation and the claim, as to

Mr. Sharum, is without merit.

**Ground Three: Ineffective Assistance by Christina Scherry.**

In his final claim the Petitioner contends that his attorney was ineffective because she

failed to address that his sentence was unconstitutional.  The Plaintiff was charged in case

number 2009-710 with Reckless Burning on June 22, 2009 and on August 12, 2009 the Plaintiff,

appearing with his attorney Tim Sharum, entered a plea of guilty and received a suspended

sentence for 6 years and ordered to pay full restitution at $50/month beginning November 12,

2009.  A PTR was filed August 26, 2009 and, as noted above, one of the State's allegations was

that the Defendant had failed to pay the restitution in CR 1997-871 (CR 93-400) in the amount of

$2,300  and that the Defendant "should now be brought before this Court to show cause why he

should not be held in contempt." (Exhibit H).  The PTR also alleged that the Petitioner

committed the offense of Public Intoxication on August 20, 2009 and Theft of Property and

Public Intoxication on August 21, 2009. (Id.) In addition, as a basis for revocation, the State of

Arkansas alleged that the Petitioner had failed to pay his restitution as ordered in CR-2006-599 in

the amount of $300.  The Petitioner, appearing with his attorney Christina Scherry, entered a plea

to the PTR on September 30, 2009  and was sentenced to 2 years in the ADC with an additional 8

years suspended with restitution in full at $50/month beginning 90 days after release.  On

February 2, 2010 the court entered an order of restitution due on this case of $1000. (See Exhibit

K).

The Petitioner was not sentenced to contempt of court for his alleged violation of CR-97-

871 and it does not appear that the court took any action in regards to this alleged violation. Therefore, even though the sentence in 93-400 was illegal and the alleged violation in 97-871 in fact related to 93-400 the Petitioner has no claim because the court did not use the illegal sentence in the punishment of the Petitioner on the PTR.  The State had alleged that the Petitioner violated his terms and conditions of suspended sentence by his public intoxication charge and his theft of property as well as his failure to pay restitution in CR-2006-599.

Under the "deficient performance" component of Strickland, the Petitioner  must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

The Petitioner is unable to establish either that his attorney made such errors or that the outcome would have been different even if the court was aware that the sentence in 93-400 was illegal.

Federal habeas relief is not available to resolve procedurally defaulted claims, which are "contentions of federal law which were not resolved on the merits in the state proceeding due to [a federal habeas petitioner's] failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  This is because a federal habeas petitioner must show that he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal habeas statute. 28 U.S.C. § 2254(b)(1 )(A). A claim that is procedurally defaulted is considered to rest upon an adequate and independent state ground, and is thus insulated from federal habeas review. *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing

-12-

Coleman v. Thompson, 501 U.S. 722,732 (1991)).

Petitioner was required to present grounds 2 and 3, his ineffective-assistance claims to the Arkansas courts "as required by state procedure." *Wainwrigh*t, 433 U.S. at 87. Petitioner was required by state procedure to assert ineffective-assistance claims in Arkansas state court in the first instance using Rule 37 of the Arkansas Rules of Criminal Procedure. *See Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449,450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under A.R.Cr.P. Rule 37."). Petitioner failed to do so.

 Moreover, no remedy remains in state court now for Petitioner because any Rule 37 petition he would file would be untimely.  *See Ark. R. Crim. P. 37.2(c)* (imposing time limit for Rule 37 petitions from an unconditional guilty plea of 90 days from entry of judgment); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (holding that procedural default exists if the "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."). The ineffective assistance claims are therefore procedurally defaulted.

Because Petitioner's constitutional claims are procedurally defaulted, he may only excuse the default by alleging facts in the petition sufficient to demonstrate either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice, such as actual innocence. *Coleman*, 501 U.S. at 750; see also, e.g., *Fann v. Bowersox*, 247 F.3d 841 (8th Cir. 2001). There is no such showing here.  There is no fundamental miscarriage of justice because

the sentencing court never used the prior illegal sentence in sentencing the Petitioner.

### III.  Conclusion

Based on the above, I recommend that the Petitioner Motion to Dismiss be **GRANTED** and that the Amended Petition under 28 U.S.C. §2254 be **Dismissed** without prejudice.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED 18th day of August 2010.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE

-14-